BAKER, Judge,
dissenting.
[23] I respectfully dissent. I simply cannot believe that a verbal argument between members of a household, within their own home, can be the sole basis of a criminal conviction for disorderly conduct. Were this the case, spouses would have to fear arguing, parents would have to fear raising their voices at their children, and siblings would have to fear squabbling over toys. I cannot conclude that our legislature intended that two teenaged siblings arguing over what TV show to watch within their own home could be adjudicated delinquent. That cannot possibly be included in the definition of “fighting” or “tumultuous conduct!;]” I.C. § 35 — 45—1— 3(a). But under the majority opinion, which affirms a criminal conviction for a verbal argument between spouses within the confines of a residence, these basic human interactions would, indeed, be criminal.[4]
[24] The majority emphasizes that a “verbally hostile encounter” is what the statute requires. Initially, I note that the phrase “verbally hostile encounter” cannot be found in the statute. Moreover, I have significant questions about the ability of anyone, including law enforcement, prosecutors, and citizens, to distinguish between a “verbal argument” and a “verbally hostile encounter.” Most people would readily admit that verbal arguments between spouses or between teenaged siblings are frequently laced' with — or entirely comprised of — hostility. I do not believe that the addition of hostility is a meaningful statutory distinction; nor does it cause me to conclude that such behavior can or should form the basis of a criminal conviction.
[25] Finally, the majority opines that the interaction in this case was “much more than a verbal argument.” Op. p. 927. I disagree. Aside from the incident in which Day spat on his wife — which I have already stated could form the basis of a separate criminal charge and conviction — it was entirely a verbal argument. Was it laced with hostility? Perhaps. But that does not change the fact that it was a verbal argument, and does not change my belief that these facts are insufficient to support a criminal conviction for disorderly conduct by fighting or tumultuous conduct. I disagree with this application of *928 the disorderly conduct statute, and believe we should reverse Day’s conviction.
Order
[1] Appellant, by counsel, filed a Motion to Publish Memorandum Decision.
[2] Having reviewed the matter, the Court finds and orders as follows:
1. The Appellant’s Motion to publish Memorandum Decision is granted.
2. This Court’s opinion heretofore handed down in this cause on March 15, 2016, marked’Memorandum Decision, is now ordered published.
3. The Clerk of this Court is directed to send copies of said opinion together with copies of this order to the West Publishing Company and to all other services to which published opinions are normally sent.
[3] Ordered.
[4] BAKER, ROBB, ALTICE, JJ., concur.

. There is some evidence in the record that Day spat on his wife. This act constitutes a separate offense of class B misdemeanor battery by bodily waste. Ind. Code § 35-42-2-1(b). Had Day been charged and convicted of this offense rather than disorderly conduct, I would have no issue with the outcome.